

Cite as 2015 Ark. App. 158

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-694

|  |  |
|---|---|
| | **Opinion Delivered** March 4, 2015 |
| AZZORE VETERINARY SPECIALISTS, LLC<br>APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CV-14-29] |
| V. | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| DR. MARIO HODGSON<br>APPELLEE | |
| | REVERSED and REMANDED |

## WAYMOND M. BROWN, Judge

Azzore Veterinary Specialists, LLC (Azzore) appeals from an order of the Pope County Circuit Court granting summary judgment in favor of appellee Dr. Mario Hodgson. Azzore argues that summary judgment was inappropriate because (1) Azzore has a valid interest in protecting its customer list, (2) a genuine dispute of material fact remains as to what services Dr. Hodgson performs at his practice, and (3) a genuine dispute of material fact remains as to whether Azzore permanently waived its right to collect monies owed it at the end of 2010 by Dr. Hodgson. Because genuine issues of material fact remain to be tried, we reverse and remand.

In August 2010, Azzore hired Dr. Hodgson to work as a veterinary ophthalmology specialist. The parties entered into an employment agreement that contained the following covenant:

9.  Covenant Not To Compete.  For a period of two (2)  years after the termination of his employment for any reason, Employee shall not directly or indirectly, as an employee, independent contractor, partner, stockholder, proprietor, consultant, joint venturer, investor or in any other capacity:

(a)  engage in, or own, manage, operate or control, or participate in the ownership, management, operation or control of, any business or entity which engages anywhere within Pope County, Arkansas, or within a fifty (50) mile radius of any location at which Employee performs services on behalf of the Corporation hereinafter (the "Territory") in the provision of veterinary internal medicine, diagnostic and surgical services or remote veterinary diagnostic services;

(b)  hire or solicit to perform services (as an employee, consultant or otherwise) any employees of the Corporation or take any actions which are intended to persuade any employee of the Corporation to terminate his or her association with the Corporation; or

(c) solicit any customer of the Corporation to purchase veterinary products or services that could be supplied by the Corporation.

(d)  Employee acknowledges that the Corporation would not enter into this Agreement unless the Employee agrees to the restrictive covenants set forth in this Agreement.  Employee acknowledges that, given the nature of the Corporation's business the covenants contained in this Agreement contain reasonable limitations as to time, geographical area and scope of activity to be restrained, and do not impose a greater restraint than is necessary to protect and preserve for the benefit of the Corporation the goodwill of the Corporation's business and to protect the legitimate business interests of the Corporation.  If, however, any provision of this Agreement is determined by any court of competent jurisdiction to be unenforceable by reason of its extending for too long a period of time or over too large a geographic area or by reason of its being too extensive in any other respect or for any other reason, then the unenforceable provision shall be construed to extend only over the longest period of time for which it may be enforceable, the largest geographical area as to which it may be enforceable, and to the maximum extent in all other aspects as to which it may be enforceable, all as determined by such court and in such action.  Employee acknowledges that any breach of this Agreement will cause irreparable injury to the Corporation and that actual damages may be difficult to ascertain and inadequate.  Without limiting the availability of legal or equitable remedies under any provisions of this Agreement, Employee agrees that the Corporation shall be entitled (subject to applicable law, without the

necessity of posting a bond or other collateral security), to an injunction or injunctions to prevent any breach or threatened breach of this Agreement. Employee covenants and agrees that if he shall violate any of his covenants or agreements under this Agreement, the Corporation shall be entitled to an accounting and repayment of all profits, compensation, commissions, remuneration or benefits which Employee directly or indirectly has realized and/or may realize as a result of, growing out of, or in connection with any such violation. Such remedy shall be in addition to and not in limitation of any injunctive relief or other rights or remedies to which the Corporation is or may be entitled at law, in equity or under this Agreement.

Dr. Hodgson's employment with Azzore ended on August 6, 2013. He filed a complaint for declaratory judgment regarding the parties' agreement on August 20, 2013. Azzore filed an answer and counterclaim on September 23, 2013. The matter was initially heard in district court. An order was entered on January 24, 2014, in Azzore's favor.[1]

Dr. Hodgson filed his complaint for declaratory judgment in the Pope County Circuit Court on January 29, 2014. Azzore filed its answer and counterclaim on February 4, 2014. Azzore denied the material allegations of the complaint and asked the court to declare the agreement enforceable. Azzore counterclaimed for breach of contract, asserting that Dr. Hodgson owed it $23,253.36 under the terms of the agreement. It also sought an injunction to prevent Dr. Hodgson from violating section nine of the agreement, and asked for an accounting and repayment from Dr. Hodgson. On February 11, 2014, Dr. Hodgson filed a reply to Azzore's counterclaim denying the material allegations of the complaint. However,

---

[1]At some point, Dr. Hodgson admitted to owing Azzore $16,262.23, but claimed that Azzore waived its right to collect the amount due at the end of 2010. Therefore, the district court awarded Azzore the $16,262.23 and $15,000 in attorney's fees.

Dr. Hodgson admitted that he owed Azzore $16,262.23. He requested that the court dismiss Azzore's counterclaim and grant him the relief sought in his complaint.

Dr. Hodgson filed a motion for summary judgment on April 1, 2014. In the summary found in the motion, Dr. Hodgson stated:

> The primary piece of the Plaintiff's veterinary practice consists of performing cataract surgeries on animals. Plaintiff's primary source of income is derived from performing cataract surgeries. The Defendant does not perform cataract surgery on animals, but [is] attempting to prohibit the Plaintiff from performing cataract surgery on animals. Further, the Defendant is attempting to collect monies from the Plaintiff for the year 2010 after waiving those amounts in writing. For the reasons set forth hereinbelow, the Plaintiff requests judgment as a matter of law.

He included an affidavit in which he stated that his practice primarily consisted of performing cataract surgeries on animals and that a majority of his income is derived from performing those surgeries. He further stated that Dr. Terry Dew, the owner of Azzore, did not perform cataract surgeries on animals and that no one else at Azzore provided such service. Dr. Hodgson also stated that Azzore waived the monies owed for 2010 and attached a copy of an email he received from Cheree Miller, Azzore's office manager, informing him of the waiver.[2] Dr. Hodgson included an affidavit from Christopher Gray stating that when his pet developed cataracts, he was told by Azzore that he would have to take it to either Oklahoma or Memphis for surgery. He said that it would have been convenient for him to have his pet's cataract surgery in Pope County.

---

[2]In an email dated June 16, 2011, Miller stated, "Since you started so late in the year, we waived the year-end calculation/account balance for 2010."

Azzore filed a response to Dr. Hodgson's summary-judgment motion on April 25, 2014. It disputed every material fact alleged by Dr. Hodgson. Specifically, Azzore stated that Dr. Hodgson did not limit his practice to cataract surgery, but performed many of the same procedures that Azzore does. Citing a portion of section seven of the agreement,[3] Azzore stated that there was no permanent waiver of the monies owed in 2010. Azzore included affidavits from Dr. Dew, Dr. William Miller, and Cheree Miller with its response. Dr. Dew stated that he viewed a page on Dr. Hodgson's website in which Dr. Hodgson listed at least eighteen animal eye-related services performed at his practice, with one being cataract surgery. Dr. Dew stated that he performs many of the same procedures advertised by Dr. Hodgson. Dr. Miller stated that because Drs. Dew and Hodgson had the same license, they could perform any legal service on any animal, including cataract surgery. Cheree Miller stated that Dr. Hodgson owed Azzore a total of $23,253.36. She also said that when she sent Dr. Hodgson the email about the 2010 monies, she did not "intend to forever deprive Azzore of the right to collect that amount from Dr. Hodgson. Instead, [her] intent was to support Dr. Hodgson's practice by temporarily refraining from collecting that amount from Dr. Hodgson while he remained employed at Azzore."

Dr. Hodgson filed a reply to Azzore's response on May 5, 2014. He insisted that the affidavits attached to Azzore's response were shams "intended to create a question of fact

---

[3]"Failure to insist upon strict compliance with any of the terms, covenants or conditions hereof shall not be deemed a waiver of such terms, covenants or conditions, nor shall any waiver or relinquishment of any right or power granted hereunder at any particular time be deemed a waiver or relinquishment of such rights or power at <u>any</u> other time or times."

SLIP OPINION

when one does not exist." He concluded that his motion should be granted because Azzore failed to meet proof with proof.

A hearing on the motion took place on May 13, 2014. At the conclusion of the hearing, the court granted Dr. Hodgson's motion for summary judgment. The court also found that there was a waiver by Azzore. An order was filed on May 23, 2014, stating in pertinent part:

6. The Defendant has put forth no proof to rebut that a majority of the Plaintiff's practice consists of performing cataract surgeries. The Defendant does not dispute that it does not provide cataract surgeries. Accordingly, the Defendant failed to meet proof with proof on this issue in that there is no affidavit or other competent summary judgment evidence indicating that the Defendant performed cataract surgery prior to Plaintiff's employment, since Plaintiff's employment, or intends to ever perform cataract surgery. That being the case, paragraph 9 of the parties' Employment Agreement (which is referred to herein as "Covenant Not to Compete") which is the subject of this action is overly broad and not narrowly tailored in that it prohibits Plaintiff from performing cataract surgeries that neither the Defendant, nor any of its agents, employees, and/or representatives performed prior to Plaintiff's employment, have performed since Plaintiff's employment, or intend to perform. Accordingly, the Court finds that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment in his favor as a matter of law.

7. Furthermore, the Court takes note that the Covenant Not to Compete is in the employee/employer setting. In the event the Covenant Not to Compete is upheld, it will negatively affect the Plaintiff's potential employment and his ability to earn a livelihood by prohibiting him from performing cataract surgeries that the Defendant has not, does not, and has evidenced no intention to ever perform.

8. For these reasons and the reasons stated in Plaintiff's Motion for Summary judgment, the Covenant Not to Compete is void as a matter of law as it is not narrowly tailored to the Defendant's actual protectable interests.

. . . .

10. Likewise, the Court finds that there is no genuine issue of material fact as it relates to the amount owed by Plaintiff to Defendant pursuant to Defendant's Counterclaim filed herein. Specifically, the Court finds that there is no genuine issue of material fact

-6-

as to whether the Defendant waived the amounts owed by the Plaintiff in writing under the parties' employment agreement for the year 2010. With the waiver of the 2010 monies, the Plaintiff owes the Defendant the sum of $16,262.23, which the Plaintiff has previously tendered to the Defendant. The remaining portions of the Counterclaim are dismissed with prejudice.

Azzore timely filed a notice of appeal. This appeal followed.

Summary judgment may be granted by a circuit court only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law.[4] When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact.[5] When a party cannot present proof on an essential element of a claim, the party moving for summary judgment is entitled to judgment as a matter of law.[6]

On appeal, we need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered.[7] In making this decision, we view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and

---

[4]*Mercy Health Sys. of Nw. Ark., Inc. v. Bicak*, 2011 Ark. App. 341, 383 S.W.3d 869.

[5]*Id.*

[6]*Id.*

[7]*Id.*

inferences against the moving party.[8]  Arkansas Rule of Civil Procedure 56(e)[9] requires that an affidavit provided for or against a motion for summary judgment be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.  A statement that is not based on personal knowledge, but on inadmissible hearsay, will not be accepted as the basis for finding a genuine issue of material fact to deny entry of summary judgment.[10]

A reasonably drawn covenant not to compete is an effective means by which a principal may protect its customers and its confidential information from appropriation and use by former agents and competitors.[11]  Covenants not to compete are not looked upon with favor by the law.[12]  In order for such a covenant to be enforceable, three requirements must be met: (1) the covenantee must have a valid interest to protect; (2) the geographical restrictions must not be overly broad; and (3) a reasonable time limit must be imposed.[13]  The test of reasonableness of contracts in restraint of trade is that the restraint imposed upon one party must not be greater than is reasonably necessary for the protection of the other, and not

---

[8]*Id.*

[9](2013).

[10]*Mercy, supra.*

[11]*Id.*

[12]*Id.*

[13]*Id.*

so great as to injure a public interest.[14]   Unless the covenantee has a legitimate interest to be protected by the agreement, the law will not enforce such a contract, as this would merely prohibit ordinary competition.[15]

For its first point, Azzore argues that the court erred in granting summary judgment because it had a valid interest in protecting its customer list.  We do not address this argument because the court made no finding regarding Azzore's customer list.

Next, Azzore argues that the court erred in granting summary judgment because a genuine dispute of material fact remains as to what services Dr. Hodgson performs at his practice.  We find merit to this argument.  Azzore filed an affidavit from Dr. Dew stating that Dr. Hodgson advertised procedures in addition to cataract surgery and that Azzore also performed many of those same procedures.  It also included an affidavit from Dr. Miller stating that Drs. Dew and Hodgson were qualified to perform the same procedures because they had the same license.  The court never addressed the additional services provided by Dr. Hodgson's practice.  Instead, it based its decision on the fact that Dr. Hodgson primarily performed cataract surgery and Azzore did not.  Genuine issues of material fact remain as to whether Dr. Hodgson is in direct competition with Azzore and if Azzore has a valid interest to protect.  Accordingly, we reverse and remand on Azzore's second issue.

Finally, Azzore contends that the trial court erred in granting summary judgment because a genuine dispute of material fact remains as to whether Azzore permanently waived

---

[14]*Id.*

[15]*Id.*

SLIP OPINION

its right to collect monies owed it at the end of 2010 by Dr. Hodgson. Azzore filed an affidavit from Cheree Miller stating that it was not her intention to permanently deprive Azzore of its right to collect the monies Dr. Hodgson owed it for 2010. Azzore also cited from section seven of the agreement, which essentially states that the failure to insist on strict compliance is not a waiver of Azzore's right or power. This was sufficient to defeat a motion for summary judgment. Therefore, we reverse and remand on this point.

Reversed and remanded.

GLADWIN, C.J., and KINARD, J., agree.

*Gill Ragon Owen, P.A.*, by: *Christopher L. Travis*, and *Drake Mann*, for appellant.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett*, *James A. Streett*, and *Robert M. Veach*, for appellee.